IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:10-cr-317 |
| | ) | |
| CHUN-YU ZHAO and | ) | Hon. Gerald Bruce Lee |
| DONALD CONE, | ) | |
| | ) | Trial: May 2, 2011 |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT ZHAO'S
MOTION TO EXCLUDE CUSTOMER COMPLAINTS OF COUNTERFEIT GOODS**

**I.    Introduction**

Defendant ZHAO has moved to keep the jury from hearing that her customers repeatedly complained to her that goods JDC Networking sold as genuine Cisco products were "fake." The defendant argues: (i) that such evidence would constitute expert testimony offered by non-experts; (ii) that such evidence improperly intrudes on an ultimate issue of fact to be decided by the jury; (iii) that such evidence is more prejudicial than probative; (iv) that such evidence is inadmissible hearsay.[1] Defendant ZHAO's claims are meritless. The repeated written complaints defendant ZHAO received that products JDC Networking sold were fake are highly probative of a central issue in the case: her knowledge that the items she was selling were not genuine Cisco goods. For this purpose, showing knowledge, the documents would not be admitted for the truth and so would not be hearsay. However, the documents are also properly

---

[1] Although defendant ZHAO's motion is broadly worded, it is clear that, notwithstanding any ruling on the merits of defendant ZHAO's motion, the government may call to the stand JDC Networking's customers to testify regarding their return of products and why.

admissible for their truth as business records and adoptive admissions.  Finally, regular purchasers of Cisco equipment are perfectly competent to make a determination about whether the equipment is fake, which is not a legal determination.

## II.     Argument

### A.     The Customer Complaints Returning Fake Cisco Equipment Are Admissible As Non-Hearsay To Show Defendant ZHAO's Knowledge.

As an initial matter, the defendant's claims all rest on her faulty assumption that the government could only offer the customer complaints to prove that the items were counterfeit. But there is another purpose.  The evidence can be admitted to show its effect on defendant ZHAO – that she was on notice that customers were rejecting the items specifically because they believed the items were fake.  In other words, the evidence tends to prove that the defendant knew the items were not genuine and to disprove any claim that she was unaware that the products were fake.  The defendant's knowledge is a critical element of Counts 1 and 7-10 of the Superseding Indictment.[2]

---

[2]     To convict defendant under 18 U.S.C. § 2320, the government must prove that she

> (1) trafficked or attempted to traffic in goods or services; (2) did so intentionally; (3) used a counterfeit mark on or in connection with such goods and services; and (4) <u>knew</u> the item was counterfeit.

<u>United States v. Habegger</u>, 370 F.3d 441, 444 (4th Cir. 2004) (emphasis added), <u>quoting</u> <u>United States v. Giles</u>, 213 F.3d 1247, 1249 (10th Cir. 2000).  <u>See also</u> <u>United States v. Hassan</u>, 280 Fed. Appx. 271, 273 (4th Cir. 2008).  The government's failure to prove this essential element requires reversal.  <u>See</u> <u>United States v. Sultan</u>, 115 F.3d 321, 325-31 (5th Cir. 1997) (reversing 18 U.S.C. § 2320 conviction where government, to prove knowledge, relied solely on

Numerous courts have recognized that customer complaints that goods are not genuine are a powerful method of proving knowledge in counterfeiting prosecutions. See United States v. Neuman, 2010 U.S. App. LEXIS 26384, *6, **9-10 (5th Cir. December 28, 2010) (finding e-mails between defendant's girlfriend and customer who was complaining that defendant was selling counterfeit Nike shoes admissible to prove, and *did* prove, defendant's knowledge); United States v. Barry, 390 Fed. Appx. 949, 951 (11th Cir. 2010) (customer permitted to testify about regularly returning damaged counterfeit items to store where defendants worked); United States v. Sung, 51 F.3d 92, 93 (7th Cir. 1995) (while knowledge was not an issue on appeal, trial record included customer complaints about defendant's counterfeit Soft Sheen® hair care products); Louis Vuitton & Gucci v. Lee et al, 875 F.2d 584, 586 (7th Cir. 1989) (in civil case, defendant's deposition statement that she was told by customers her Vuitton and Gucci merchandise was counterfeit admissible as evidence of knowledge); United States v. Diallo, 476 F. Supp. 2d 497, 498-99 (W.D. Pa 2007) (customer permitted to testify about returning counterfeit purses to defendant); United States v. Defreitas, 2000 U.S. Dist. LEXIS 8105, *5, *11 (S.D.N.Y. June 13, 2000) (customers rejected recent shipment of counterfeit beanie babies "almost systematically;" by contrast, the defendant "had no difficulty selling" a prior shipment of beanie babies and thus "there is no sufficient basis on which to conclude that he had knowledge that those beanie babies [in the prior shipment] were counterfeit").

---

circumstantial evidence which did not include any notice to the defendant, constructive or otherwise, from customers or co-conspirators, that the items were counterfeit).

*Neuman* in particular is squarely on point:

> [T]he e-mails [in which a disgruntled customer complained to the defendant's girlfriend that his merchandise was fake] were introduced to provide context, ultimately allowing the prosecution to show that [the defendant] was on notice that he might be peddling counterfeit goods. We thus find no abuse of discretion in the trial court's decision to permit the e-mails to be introduced; they were not offered for their truth, and are therefore not hearsay.

*Neuman*, 2010 U.S. App. LEXIS 26384 at **6-7.

In fact, courts have approved of evidence much more prejudicial than customer complaints to prove knowledge in section 2320 prosecutions. Cease-and-desist orders, which often include unequivocal statements that the defendant's merchandise is counterfeit or infringing, are accepted as prima facie evidence of knowledge. See United States v. Garrison, 380 Fed. Appx. 423, 427 (5th Cir. 2010) (proper for trial court to admit seizure notice from U.S. Customs alleging that defendant's goods were counterfeit to show defendant's subsequent knowledge);[3] United States v. Dahab, 348 Fed. Appx. 943, 944 (5th Cir. 2009) (evidence that defendant was displaying counterfeit shoes for sale well after he received a cease and desist order from Nike that informed him "unequivocally that those shoes were counterfeit" was sufficient proof of knowledge); Yi, 460 F.3d at 630 (defendant's receipt of cease-and-desist letters from Gillette and Underwriters Laboratory alleging that he was selling counterfeit electrical products admissible to prove knowledge). Likewise, uncharged acts evidence, which can be extremely prejudicial, is admissible to prove knowledge in section 2320 cases. See United States v. Salaam, 273 Fed. Appx. 285, 286-287 (4th Cir. 2008) (in counterfeit *clothing*

---

[3] Such evidence will also be introduced in this matter.

case, no error for trial to admit evidence of counterfeit CDs and DVDs seized from defendant's property even though "their number far exceeded the number of indicted articles of clothing" because it was circumstantial proof of knowledge).

Thus, the returned items evidence can be admitted as non-hearsay when it is not being offered for the truth of the matter asserted. See Fed. R. Evid. 801(c). Rather, the evidence is being offered as context, to show the defendant's knowledge her merchandise was counterfeit.

> B. **The Customer Complaints Returning Fake Cisco Equipment Are Adoptive Admissions When the Defendant Fails To Dispute that the Goods Are Fake.**

Furthermore, the statements are also admissible for the truth as statements of a party opponent. A statement is not hearsay if it is a statement of which the party has "manifested an adoption or belief in its truth." Fed. R. Evid. 801(d)(2)(B). An accusation may become an adoptive admission if the person to whom the accusation is made does not deny it. *Folston v. Allsbrook*, 691 F.2d 184, 187 (4th Cir. 1982) (finding that the defendant's "silence under the circumstances clearly is an implied admission which renders the statement admissible against him."); *see also United States v. Robinson*, 275 F.3d 371, 383 (4th Cir. 2001) (noting that "[a] party may manifest adoption of a statement in a number of ways, including through words, conduct, or silence.").

Here, defendant ZHAO's silence in the face of these repeated accusations qualifies them as an adoptive admissions. Customers were requesting refunds for expensive items. If the defendant had not known that the equipment was in fact fake, she would have done something to

refute it.[4] At a minimum, the complaints are admissible to demonstrate their effect on her, i.e., that she did not refute the allegations.

### C. The Customer Complaints Returning Fake Cisco Equipment Are Business Records.

Many if not all of the records about which defendant ZHAO complains are business records. It is clear on the face of the correspondence or Return Merchandise Authorizations that these are part of the regular operation of the business of these companies and were made at the time of the activity as part of the return process. Accordingly, the records are admissible for that reason as well. *See Fed. R. Evid*. 803(6) .

### D. Customer Complaints Are Not Improper Expert Testimony, Unfairly Prejudicial, or Invasive of the Court's Role.

None of defendant ZHAO's other complaints have any merit either. The government is not offering the complaints as expert testimony, but as facts (e.g., why customers returned products and what they told defendant ZHAO about why they were returning the products) or an ordinary lay opinion under Rule 701 of the Federal Rules of Evidence. *See also Fed. R. Evid*. 704(a) (with respect to non-expert witnesses, "testimony in the form of an opinion or inference otherwise admissible is <u>not</u> objectionable because it embraces an ultimate issue to be decided by the trier of fact") (emphasis added). Thus, the defendant's lengthy recitation of black letter law on expert testimony is wholly irrelevant.

---

[4] It is also worth pointing out that, while all such statements are admissible for the reasons herein, where the defendant did respond, her statements are admissible under Rule 801(d)(2)(A) and the statements of her customers are admissible in order to provide context.

As noted above, numerous courts have found customer complaints highly probative of an essential issue in counterfeiting prosecutions, the defendant's knowledge. In this light, any prejudice to the defendant is hardly unfair as the only prejudice is that the evidence clearly demonstrates her guilt.

Defendant ZHAO's highly speculative third argument – that admission of the customer complaints would overwhelm the jury with a myriad of definitions for the legal term "counterfeit" (especially in light of the fact that none of the three examples she attaches to the motion even use the word "counterfeit") – is largely irrelevant. In any case, the government is confident that the Court's instructions will define clearly for the jury the legal standards to apply in making that determination.

## III. CONCLUSION

For these reasons, the United States respectfully requests that this Court deny the defendant's motion to exclude customer complaints that the defendant sold fake Cisco goods.

Respectfully submitted,

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

BY: _____/s/_____
Michael J. Stawasz
Special Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3981
Email: Michael.Stawasz@usdoj.gov

Jay V. Prabhu
Lindsay A. Kelly
Ryan K. Dickey
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 28, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF, which will then send a notification of such filing (NEF) to the following:

>Geremy C. Kamens, Esq.
>Office of the Federal Public Defender
>1650 King Street, Suite 500
>Alexandria, Virginia 22314
>Phone: (703) 600-0800
>Email: Geremy_Kamens@fd.org
>
>*Counsel for Defendant Donald Cone*
>
>David F. Geneson, Esq.
>Sheppard Mullin Richter & Hampton LLP
>1300 I Street, NW, 11th Floor East
>Washington, DC 20005-3314
>Phone: (202) 218-0030
>Fax: (202) 218-0020
>Email: dgeneson@sheppardmullin.com
>
>*Counsel for Defendant Chun-Yu Zhao*

                        /s/
                        Michael J. Stawasz
                        Special Assistant United States Attorney
                        Office of the United States Attorney
                        2100 Jamieson Avenue
                        Alexandria, Virginia 22314
                        Phone: (703) 299-3700
                        Fax: (703) 299-3981
                        Email: Michael.Stawasz@usdoj.gov