IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

CHUN-YU ZHAO,                          )
                                       )
        Petitioner,                    )        1:14-cv-1787 (GBL)
                                       )
        v.                             )        1:10-cr-317 (GBL)
                                       )
UNITED STATES OF AMERICA,              )
                                       )
        Respondent.                    )

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Petitioner Chun-Yu Zhao's ("Petitioner") Motion to Vacate Conviction and Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion") (Doc. 429). A jury found Petitioner guilty of violating Title 18, United States Code, Section 1425(a), Procuring Naturalization Unlawfully ("Count 14"). (Doc. 236 at 15). As a consequence of her conviction, this Court revoked Petitioner's United States citizenship as required by 8 U.S.C. § 1451(e). (Doc. 292). Petitioner now challenges her conviction based on insufficiency of evidence and ineffective counsel.

There are three issues before the Court. The first issue is whether the Court should grant Petitioner's § 2255 Motion where Petitioner argues that appellate counsel was ineffective in failing to raise issues on appeal surrounding Petitioner's Count 14 conviction. The second issue is whether the Court should grant Petitioner's § 2255 Motion where Petitioner argues that trial counsel was ineffective in failing to object to Count 14 jury instructions. The third issue is whether the Court should grant Petitioner's § 2255 Motion where Petitioner argues that evidence presented on Count 14 was insufficient for any reasonable jury to find her guilty beyond a reasonable doubt. The Court DENIES Petitioner's § 2255 Motion because (1) Petitioner fails to

show that appellate counsel rendered ineffective assistance by ignoring issues on appeal that were "clearly stronger" than those presented; (2) trial counsel's performance did not fall below an objective standard of reasonableness and even if it did, Petitioner cannot show prejudice; and (3) Petitioner cannot challenge sufficiency of evidence because she cannot show cause for failing to raise the evidence issue on direct appeal.

## I. BACKGROUND

Petitioner Chun-Yu Zhao arrived in the United States from China on January 23, 2004 on a business visa, and she married codefendant Donald Cone ("Cone") on April 20, 2004, three days before her visa expired. (Doc. 319 at 200–201). On or about December 1, 2007, Petitioner and Cone separated, and Cone moved from their home in Virginia to a condominium in Maryland. (Doc. 429 at 6; Doc. 319 at 206). On January 21, 2008, Petitioner applied for naturalization based on her marriage to Cone, a United States citizen. (Doc. 436–1 at 2). She falsely listed Cone's address as her home in Virginia and falsely certified that she had lived with Cone for the three years preceding her application. (*Id.* at 2, 5). Petitioner filed for divorce, and in 2009 her divorce became final. (Doc. 319 at 207).

From 2004 to 2010, Petitioner, Cone, and members of Petitioner's family were involved in a conspiracy to import more than 200 shipments of genuine and counterfeit Cisco Systems products from China for resale in the United States. *See generally United States v. Cone*, 714 F.3d 197, 201–03 (4th Cir. 2013). Federal agents working for the U.S. Customs and Border Patrol and Immigration and Customs Enforcement investigated the crimes, and the investigation led to Petitioner's arrest. *Id.* On November 10, 2010, the United States issued a 29 count superseding indictment against Petitioner and others related mostly to improper importation and the trafficking of counterfeit goods. (Doc. 69). Count 14 of the indictment, however, charged

2

Petitioner with making false statements in procuring naturalization in violation of 18 U.S.C. § 1425(a). (*Id.* at 26).

On May 24, 2011, a jury found Petitioner guilty on 16 counts including Count 14. (Doc. 236). This Court sentenced Petitioner to 60 months imprisonment, three years supervised release, fines, restitution, and, as a consequence of her Count 14 conviction, denaturalization. (Doc. 293; Doc. 292). Petitioner appealed her convictions to the Fourth Circuit, with appellate counsel focusing the brief mostly on a question of first impression (Point I) as to whether material alteration of a trademarked product was cognizable under 18 U.S.C. 2320, Trafficking in Counterfeit Goods and Labels. (*See* Br. Appellants). Appellate counsel also made three smaller points, one involving sufficiency of evidence (Point II), one involving confrontation clause rights (Point III), and one involving an evidentiary ruling (Point IV). (*Id.*) Appellate counsel was effective on points I and III; thus, the Fourth Circuit vacated five of Petitioner's convictions, but not her conviction on Count 14. (Doc. 413). This Court then reduced Petitioner's prison sentence to time served. *Id.*

## II. STANDARD OF REVIEW

A federal prisoner may, under 28 U.S.C. § 2255, file a motion to vacate, set aside, or correct sentence on the grounds that (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence exceeds the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a) (2008). The prisoner bears the burden of proof and must establish by a preponderance of the evidence that she is entitled to the collateral relief sought. *Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967); *United States v. Hawkins*, 2012 WL 3578924, at *1 (E.D. Va. Aug. 17, 2012).

3

Section 2255 safeguards against miscarriages of justice by allowing for the correction of constitutional, jurisdictional, or other fundamental errors. *See United States v. Addonizo*, 442 U.S. 178, 185 (1979). Section 2255 does not, however, substitute for an appeal; thus, "to obtain collateral relief based on trial errors to which no contemporaneous objection was made," petitioner must make a showing of both "cause" and "actual prejudice resulting from the errors." *United States v. Frady*, 456 U.S. 152, 165–67 (1982). Petitioners may bring ineffective assistance of counsel claims under Section 2255 without having brought them on appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Petitioners may raise ineffective assistance of counsel independently, or as cause for other errors. *Dretke v. Haley*, 541 U.S. 386, 394 (2004).

To show ineffective assistance of counsel, petitioner must demonstrate (1) that counsel's performance fell short of the standard of objective reasonableness, and (2) that counsel's deficient performance prejudiced petitioner's defense. *Strickland v. Washington* 466 U.S. 668, 687–88 (1984). The first factor "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The second factor "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* When evaluating whether counsel rendered ineffective assistance, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Mason*, 774 F.3d 824, 828 (4th Cir. 2014) (citing *Strickland* 466 U.S. at 689).

### III. ANALYSIS

The Court DENIES Petitioner's § 2255 Motion because Petitioner fails to show any miscarriage of justice whereby the Court should vacate her conviction and sentence on Count 14. Petitioner moves the Court to vacate her Count 14 conviction on three grounds. First, Petitioner

argues that the evidence at trial was insufficient for any reasonable jury to find Petitioner guilty beyond a reasonable doubt of violating 18 U.S.C. § 1425(a). Second, Petitioner argues that her trial counsel was ineffective in failing to object to erroneous and insufficient jury instructions regarding Count 14. Third, Petitioner argues that her appellate counsel was ineffective in failing to raise the insufficiency of evidence and erroneous jury instruction arguments on appeal. The Court finds none of these arguments persuasive. Because Petitioner's first argument depends largely on her third, as explained *infra*, the Court will address them in reverse order.

## A. Ineffective Assistance of Appellate Counsel

The Court denies Petitioner's § 2255 Motion because Petitioner fails to show that appellate counsel rendered ineffective assistance by ignoring issues on appeal that were "clearly stronger" than those presented. Petitioner contends that because her appellate counsel did not raise the issues of sufficiency of evidence and jury instructions regarding Count 14, counsel was ineffective in violation of Petitioner's Sixth Amendment right to counsel. Respondent argues that counsel was indeed effective, as evidenced by the multiple convictions overturned on appeal, and that counsel did not appeal Count 14 directly because counsel argued issues more likely to afford Petitioner relief. The parties concur that the standard set forth in *Smith v. Robbins* governs ineffective appellate counsel claims regarding issue selection. (*See* Doc. 433 at 11; Doc. 429 at 17).

In *Smith v. Robbins*, the Supreme Court held that "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." 528 U.S. 259, 288 (2000) (citing *Jones v. Barnes,* 463 U.S. 745 (1983)). "Indeed, winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is

5

the hallmark of effective appellate advocacy." *Brown v. Polk*, 135 F. App'x 618, 628 (4th Cir. 2005) (quoting *Smith v. Murray,* 477 U.S. 527, 536 (1986)) (internal quotations omitted). When counsel files a merits brief, a court will presume effective assistance unless "ignored issues are clearly stronger than those presented." *Smith v. Robbins*, 528 U.S. at 288 (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).

Petitioner notes that because of the overlap in appeals between herself and codefendant Cone, the Fourth Circuit ordered a joint brief filed on behalf of both parties. (4th Cir. Order 11/30/2011). Petitioner argues that counsel's failure to file a motion for leave to file separate briefs or a motion to file an over-length brief is evidence of ineffective counsel. The length of counsel's brief, however, is completely irrelevant. As noted in *Polk*, what one leaves out of a brief can be an important strategic decision. Petitioner then argues that points II and IV of the Brief of Appellants ("Brief") were so clearly inferior to the potential arguments counsel should have made regarding Count 14 that the choice violated her Sixth Amendment right to effective counsel.

The Court first notes that the rule from *Smith v. Robbins* is that ignored issues must be "clearly stronger than those presented" to show ineffective counsel—not that if *any* issues omitted were stronger than *any* issues included, counsel was ineffective, as Petitioner seems to suggest. To conduct a piecemeal evaluation of each of counsel's arguments would be to ignore any strategic reasons for issue selection inherent in crafting an effective brief. *See United States v. Mason*, 774 F.3d 824, 830 (4th Cir. 2014) (citing *Strickland,* 466 U.S. at) ("Attorneys can be selective and strategic without risking an ineffective assistance of counsel claim."). The four points raised in counsel's Brief all related to the main criminal activity charged of smuggling and counterfeiting. One could certainly imagine strategic reasons for omitting ancillary issues

involving Petitioner's falsified naturalization documents in favor of issues more closely related to counsel's strongest argument, even if those related arguments were somewhat weaker individually than those omitted.

Assuming though, arguendo, that Petitioner could prove ineffective counsel by cherry-picking points II and IV from the Brief and comparing them unfavorably to her Count 14 arguments, Petitioner still fails. Point II in the Brief alleged insufficient evidence on a conspiracy conviction against codefendant Cone. Petitioner's insufficiency of evidence argument regarding Count 14 would have been subject to the same standard of review as Point II. The Fourth Circuit would have viewed the evidence in the light most favorable to the government and would have only overturned the conviction if no reasonable juror could have found the essential elements beyond a reasonable doubt. *Cone*, 714 F.3d at 212. On either claim, a "defendant challenging the sufficiency of the evidence faces a heavy burden." *Id.* (quoting *United States v. Foster*, 507 F.3d 233, 245 (4th Cir. 2007)).

Here, Petitioner's sufficiency of evidence argument is not clearly stronger than the one raised on appeal. Petitioner argues that fundamental ambiguities in the questions on the naturalization forms meant that the government had to "negate any reasonable understanding of the questions under which her answers would not be considered false." (Doc. 429 at 7). The case Petitioner cites in support, however, states that "[i]t is only in exceptional cases that a question is so ambiguous, fundamentally ambiguous, such that no answer can be false as a matter of law." *United States v. Damrah*, 412 F.3d 618, 627 (6th Cir. 2005). "A question is fundamentally ambiguous only when it 'is not a phrase with a meaning about which men of ordinary intellect could agree . . . .'" *United States v. Sarwari*, 669 F.3d 401, 407 (4th Cir. 2012) (citations omitted).

The naturalization questions at issue here are (1) "[have you] been married and living with the same U.S. citizen for the last three years," and (2) "give the following information about your spouse: Home Address." (Doc. 436-1 at 2, 5). There is no phrase within these questions the meaning of which people of ordinary intellect could not agree upon such that the Court should have ruled on Petitioner's answers as a matter of law. Evidence at trial showed that on or about December 1, 2007, Petitioner and her spouse separated and her spouse moved from their residence in Centerville, Virginia to a residence in Hagerstown, Maryland. (Doc. 429 at 6; Doc. 319 at 206). Evidence also showed that Petitioner intended the separation to be permanent. (Doc. 342 at 6). Further, on January 21, 2008, 51 days after Petitioner's spouse moved to Hagerstown, Petitioner certified that (1) she had been living with her spouse for the past three years, and that (2) her spouse was residing in Centerville. (Doc. 436-1 at 2, 5). It was upon this and other evidence that the jury convicted Petitioner under 18 U.S.C. § 1425(a), Procuring Naturalization Unlawfully. To overturn the conviction, the Fourth Circuit would have had to find that no reasonable jury could have found the Petitioner guilty beyond a reasonable doubt on those facts, a prospect that seems remote at best.

Petitioner's secondary argument regarding sufficiency of evidence, that the government supplied no evidence sufficient for a jury to find that her misstatements were "material," is equally unpersuasive. As announced by the Supreme Court in *Kungys v. United States*, the test for whether concealments or misrepresentations are material is "whether they [have] a natural tendency to influence the decisions of the Immigration and Naturalization Service." 485 U.S. 759, 772 (1988). Here, Petitioner's entire case for naturalization hinged on her relationship with her spouse. Her first misrepresentation fell underneath the box marked "Information about your eligibility." (Doc. 436-1 at 2). It is difficult to imagine circumstances under which the Fourth

Circuit could have held such a misrepresentation would not have had a tendency to influence decisions by the INS.

Petitioner, however, argues that her Count 14 sufficiency of evidence argument was clearly stronger that the sufficiency of evidence argument raised by counsel as Point II. Point II alleged that although codefendant Cone admitted to knowledge of the overall conspiracy, no evidence supported the inference that he "conspired to import goods contrary to law by failing to take reasonable care in declaring value, rate, and importation classification of those goods." (Br. Appellants at 41). The Fourth Circuit disposed of the issue on the grounds that a tacit understanding between parties is enough for an agreement on a conspiracy charge, and it noted that the government may establish proof of involvement via circumstantial evidence. *Cone*, 714 F.3d at 213–14. The court held that because Cone emailed Petitioner demanding proceeds from the conspiracy, a jury could clearly infer his involvement. *Id.* at 214. Similarly, Petitioner's agreement to separate from her spouse, coupled with his move to another state, was more than enough for a jury to infer that she knew that he no longer resided at the Centerville, Virginia address. At best, the two arguments were equally weak, but Point II related to other arguments in the Brief. Certainly, Petitioner's Count 14 sufficiency argument is not "clearly stronger" as required by *Smith v. Robbins*.

Likewise, Petitioner's other Count 14 argument, that counsel should have raised the issue of insufficient and erroneous jury instructions, also fails the *Smith v. Robbins* test. Petitioner argues that the Court's instructions to the jury did not properly explain the elements of an 18 U.S.C. § 1425(a) claim. The Court instructed the jury that the government needed to prove: "One, that the defendant procured or attempted to procure the naturalization of any person; [two], that the defendant did so by making a materially false statement and did so contrary to the

naturalization law; and three, that the defendant made such false statement knowingly." (Doc. 344 at 27). Petitioner alleges that counsel should have raised issues on appeal regarding the Court's instructions, particularly its failure to *sua sponte* define the word "materially," and its instruction on the word "knowingly," which the Court gave as, "she was conscious and aware of [her] action, realized what [she] was doing or what was happening around [her,] and did not act because of ignorance, mistake, or accident." (Doc. 429 at 11–15).

The Fourth Circuit reviews appeals of jury instructions on the abuse of discretion standard. *Noel v. Artson*, 641 F.3d 580, 586 (4th Cir. 2011). The Fourth Circuit will determine "whether the instructions construed as a whole, and in light of the whole record, adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *Id.* (quoting *Bailey v. Cnty. of Georgetown*, 94 F.3d 152, 156 (4th Cir. 1996)). An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977).

Here, counsel's chances of showing the Court's jury instructions were so confusing or misleading as to prejudice Petitioner would seem dubious. As discussed above, the Supreme Court defined "material misrepresentations" as those with a "natural tendency to influence the decisions of the Immigration and Naturalization Service." *Kungys*, 485 U.S. at 772. The language "contrary to naturalization law" unambiguously allowed the jury to interpret "materially" as such. With respect to "knowingly," Petitioner avers that the jury instruction should have made clear that knowingly refers to Petitioner's knowledge that what she did was a crime, not just that she was conscious of her actions. Even if this were the case, such a mistake would not have prejudiced Petitioner. The evidence undisputedly showed that if Petitioner knew she misrepresented facts, then she knew she committed a crime. She signed her naturalization

10

forms "under penalty of perjury" on January 21, 2008 and then again on September 24, 2008. (Doc. 436-1 at 11). In the face of such evidence, it is unsurprising that appellate counsel avoided such a long-shot issue. Clearly, jury instructions were at best equal to, but certainly not "clearly stronger" than, counsel's weaker arguments.

Finally, Petitioner attacks counsel's Point IV as fruitless and clearly weaker than her Count 14 arguments. Point IV argued that prejudicial hearsay evidence was admitted without a proper limiting instruction. (Brief at 55–58). Petitioner concedes that Point IV "was strong on the merits." (Doc. 429 at 19). Indeed, the Fourth Circuit agreed that a limiting instruction should have been given, but it rejected counsel's argument because the erroneous instruction was a harmless error "[i]n the context of a twelve-day jury trial in which the government adduced overwhelming evidence of Cone and Zhao's guilt . . . ." *Cone*, 714 F.3d at 219–20. Counsel made a valid effort with a meritorious argument, and as discussed above, the merits of the Count 14 arguments were tenuous at best. Thus, Petitioner fails to show that any of the arguments counsel could have made were "clearly stronger" than any of the arguments counsel did make. Therefore, the Court must deny Petitioner's § 2255 Motion on the grounds of ineffective assistance of appellate counsel.

## B. Ineffective Assistance of Trial Counsel

The Court denies Petitioner's § 2255 Motion because trial counsel's performance did not fall below an objective standard of reasonableness and because Petitioner cannot show prejudice. Petitioner argues that her trial counsel was ineffective in failing to raise objections to the jury instructions given on Count 14. The jury instructions given by the Court were those discussed above. The objections Petitioner argues that counsel should have raised were (1) that the Court did not define the term "materially," (2) that the Court gave the wrong definition of the term

"knowingly," (3) that the Court did not explain what naturalization law, particularly regarding naturalization based on marriage, required such that Petitioner's actions would be considered "contrary to law," (4) that the Court failed to give instructions on the legal principle "living in marital union," and (5) that the Court did not instruct the jury on "informal separation." (Doc. 429 at 11–15). Respondent argues that counsel was not ineffective because raising the described objections would unwisely open up Petitioner's marriage to scrutiny and distract from counsel's trial strategy of showing that the language of the naturalization questions was confusing. (Doc. 433 at 7–10).

In order for the Court to find that counsel rendered ineffective assistance, Petitioner must demonstrate two factors set forth by the Supreme Court in *Strickland v. Washington*: (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's inadequate performance prejudiced Petitioner's defense. 466 U.S. at 687–88. The first factor "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The second factor "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.* When evaluating whether counsel's performance fell below standards demanded by the Sixth Amendment, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Mason*, 774 F.3d 824, 828 (4th Cir. 2014) (citations omitted).

Here, Petitioner does not show that counsel's failure to contest the Count 14 jury instructions constituted a departure from the "wide range of reasonable professional assistance." As discussed above in the Court's treatment of the issue's potential on appeal, had counsel challenged on the meaning of the terms "materially" and "knowingly," counsel would have

contended with significant evidence that Petitioner knowingly misrepresented portions of her naturalization forms. If counsel would have gone down the path of arguing "informal separation," as Petitioner suggests, counsel may have fared far worse. It is completely reasonable that rather than rehashing evidence that cast Petitioner in a negative light—testimony, for example, that she married Cone for the sole purpose of gaining a U.S. citizenship (Doc. 314 at 79–80)—counsel would work within the existing jury instructions and focus on the language of the naturalization document itself. Notably, counsel was trying to convince the jury of Petitioner's innocence on seventeen other felony charges, many of which carried significantly stiffer penalties than 18 U.S.C. 1425(a). (*See* Doc. 413).

Even were this Court to somehow find that counsel's failure to object to the Count 14 jury instructions constituted a breach so severe that "counsel was not functioning as the 'counsel' guaranteed defendant by the Sixth Amendment," Petitioner could not show the second *Strickland* factor of actual prejudice. Evidence adduced at trial was more than sufficient for a finding that Petitioner *did* know that her husband was not living in Virginia and that in misrepresenting his residence she broke the law; for a finding that Petitioner's misrepresentations concerning her relationship to her husband, the entire basis on which her naturalization rested, were material; and for a finding that her separation from her husband was not an "informal separation" such that the INS might have, upon further investigation, still granted her citizenship. Counsel's error in failing to object to Count 14 jury instructions, insofar as the Court could even consider it an error, was certainly not so severe as to deprive Petitioner of a fair trial. Therefore, the Court must deny Petitioner's § 2255 Motion on the grounds of ineffective assistance of trial counsel.

## C. Insufficient Evidence on Count 14

The Court denies Petitioner's § 2255 Motion because Petitioner cannot show cause for failing to raise the issue of sufficiency of evidence on direct appeal, and thus is procedurally barred from raising the issue now on habeas review.  Petitioner argues that evidence at trial was insufficient for any reasonable jury to find Petitioner guilty on Count 14.  Respondent summarily contends that sufficiency of evidence claims are not cognizable under § 2255. (Doc. 433 at 6).  In support, it cites *Dockery v. United States*, which states "It is elementary that question {sic} as to the sufficiency of the evidence cannot be raised upon such [§ 2255] motion, which cannot be used as a writ of review." 237 F.2d 518, 518–19 (4th Cir. 1956).  The court in *Dockery's* assessment of sufficiency of evidence claims is dictum, however, as the court goes on to state, "An examination of the record shows . . . that the verdict of the jury was amply supported by the evidence." *Id.*  Respondent's reliance on the one-paragraph opinion from 1956 is a mistake.

Although generally habeas review cannot serve to address issues petitioners should have raised on appeal, petitioners may overcome this procedural default by showing cause and prejudice, or by showing actual innocence. *See United States v. Mikalajunas*, 186 F.3d 490, 492, 494 (4th Cir. 1999) ("to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice . . . having failed to demonstrate cause and prejudice . . . the question remains whether they can show actual innocence").  Ineffective assistance of counsel can serve as cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Actual innocence is a narrow exception where the petitioner can show factual innocence, not legal innocence. *Sawyer v. Whitley*, 505 U.S. 333, 339–40 (1992).

14

Here, Petitioner does not endeavor to prove that she did not factually misrepresent information on her naturalization forms in violation of 18 U.S.C. § 1425(a).  She does not claim actual innocence.  Her argument around procedural default is "Ineffective assistance of appellate counsel in regards to issue selection." (Doc. 429 at 9).  As discussed above, Petitioner fails to show ineffective assistance of appellate counsel and therefore fails to show cause.  Therefore, the Court must deny Petitioner's § 2255 Motion on the grounds of insufficient evidence.

## IV. CONCLUSION

The Court denies Petitioner's § 2255 Motion because Petitioner fails to show ineffective assistance of appellate counsel or ineffective assistance of trial counsel, and because Petitioner's insufficiency of evidence claim is procedurally barred.  Accordingly, it is hereby

**ORDERED** that Petitioner Chun-Yu Zhao's 2255 Motion to Vacate (Doc. 429) is **DENIED**.

**IT IS SO ORDERED.**

ENTERED this 23d day of July, 2015.

Alexandria, Virginia

7/ 23 /2015

_____/s/_____
Gerald Bruce Lee
United States District Judge

15